c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

FREDRICK LUJUAN BROWN,            CIVIL ACTION NO. 5:19-CV-00591
Petitioner

VERSUS                            JUDGE FOOTE

JOHN LEWIS,                       MAGISTRATE JUDGE PEREZ-MONTES
Respondent

## REPORT AND RECOMMENDATION

Before the Court is a *pro se* Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2254 by Petitioner Fredrick Lujuan Brown ("Brown") (#436154).  ECF Nos. 1, 5.  Also before the Court is Brown's Amended Petition (ECF No. 17) filed through retained counsel.  Brown is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Bayou Dorcheat Correctional Center.  Brown challenges his conviction and sentence imposed in the First Judicial District Court, Caddo Parish, Louisiana.

Because Brown fails to establish he is entitled to habeas relief, his Petition (ECF Nos. 1, 5) and Amended Petition (ECF No. 17) should be DENIED and DISMISSED WITH PREJUDICE.

## I.  Background

Following a jury trial, Brown was convicted of one count of second-degree robbery.  He was sentenced to 18 years of imprisonment at hard labor.  *State v. Brown*, 51,352 (La.App. 2 Cir. 5/2/17); 223 So.3d 88, 92, *reh'g denied*, (June 15, 2017),

*writ denied*, 2017-1154 (La. 5/11/18); 241 So.3d 1013.  According to the appellate court:

> In the late afternoon of January 17, 2013, Warren Perkins was at his body shop when a black male entered the establishment and told Perkins that a friend was going to bring his wrecked truck to the shop. Perkins' employees, Bacilio Mendez and Bryant Johnson, who had not left for the day, saw the man, and one of the employees attempted to talk to him. The man followed Perkins into his office where Perkins inquired as to when the man's friend would be bringing the truck to the shop. The man then requested to use Perkins' phone. After the man appeared to make a phone call, and Mendez and Johnson had left the shop, the man lunged across Perkins' desk and began to beat him repeatedly in the head. Perkins was knocked unconscious and suffered a broken jaw, broken cheekbone and eye socket, and a concussion.[1] While disoriented and bleeding, Perkins made his way out of the shop. One of the employees who had returned to the shop found Perkins and called the police. Perkins' wallet and more than $9,000.00 cash had been removed from his pocket.
>
> Police developed Frederick Lujuan Brown as a suspect after speaking with Perkins, Mendez, and Johnson, who had all previously seen Brown in the shop and described Brown, his clothing, and the car he drove. The witnesses also stated that Brown had a "funny made mouth." After talking to business owners located near the scene of the crime, police received a phone call from the owner of a nearby hotel who indicated that he had the driver's license of Frederick Lujuan Brown who fit the suspect's description. Brown had not paid his bill and the hotel owner held his license. Mendez, Johnson, and Perkins were able to identify Brown as the assailant from a photographic lineup shown to them shortly after the crime.

*Id.* at 92-93.[2]

On appeal, Brown claimed that there was insufficient evidence to convict him because of inconsistent testimony and conflicting descriptions of the attacker, and

---

[1] Perkins was being treated for cancer and, as the result of his injuries, Perkins' cancer treatment was delayed.

[2] The "January 17, 2013" date appears to be stated in error.  The appellate opinion reflects that the crime occurred on July 17, 2013.  *Brown*, 223 So.3d at 96, 98-100.

that the identification process was unconstitutionally suggestive. *Id.* at 94, 105. Brown also argued that his sentence was excessive. *Id.* at 103. Finally, Brown claimed ineffective assistance of counsel for his attorney's failure to argue Brown's *pro se* pretrial motion to suppress evidence of identification and Brown's *pro se* post-trial motion for post-verdict judgment of acquittal challenging the sufficiency of the evidence. *Id.* at 106.

Brown's arguments were rejected, and his conviction and sentence were affirmed. *Id.* The Louisiana Supreme Court denied writs. *Brown*, 241 So.3d at 1013. Brown did not seek further review in the United States Supreme Court.

Brown filed an application for post-conviction relief. ECF Nos. 1-3 at 101, 11-7 at 186. He alleged that his arrest was unconstitutional, the identification of Brown was suggestive, there was insufficient evidence to convict Brown, and Brown's attorney rendered ineffective assistance. ECF Nos. 1-3 at 110, 11-7 at 186-93. The trial court denied relief, noting that Brown had raised the same claims on direct review. ECF No. 1-3 at 110-11, 11-7 at 232-33. Brown did not seek review of the denial of post-conviction relief.

In his original timely § 2254 *pro se* Petition, Brown alleges there were inconsistent statements by the victim and a suggestive identification, which led to the misidentification of Brown by the victim. He also claims there was insufficient evidence to convict him. ECF No. 5 at 5-10.

Respondent answered the original Petition (ECF Nos. 1, 5) and filed its brief. ECF Nos. 11, 11-1. Brown then retained counsel who filed a "traverse" to "add a claim

3

of actual innocence due to alibi." ECF Nos. 14, 15, 17. Brown's "traverse" was construed as an Amended Petition. ECF Nos. 17, 18.

## II.    Law and Analysis

### A.    Rule 8(a) Resolution

The Court is able to resolve Brown's § 2254 Petition and Amended Petition without the necessity of an evidentiary hearing because there is no genuine issue of material fact relevant to Brown's claims, and the state court records provide the required and adequate factual basis. *See Moya v. Estelle*, 696 F.2d 329, 332-33 (5th Cir. 1983); *Easter v. Estelle*, 609 F.2d 756, 761 (5th Cir. 1980); Rules Governing Section 2254 Cases.

### B.    Standard of Review

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall be considered only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply *de novo* review of factual findings and to substitute its own opinions for the determination made on the scene by the trial judge. *See Davis v. Ayala*, 135 S. Ct. 2187, 2202 (2015) (citing *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011)).

As amended by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), § 2254 precludes habeas relief absent a showing that the state court's decision was "contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court," 28 U.S.C. §2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* at § 2254(d)(2). Therefore, pure questions of law and mixed questions of law and fact are reviewed under Section 2254(d)(1), and questions of fact are reviewed under Section 2254(d)(2). *See Martin v. Cain,* 246 F.3d 471, 475–76 (5th Cir. 2001), *cert. den.,* 534 U.S. 885 (2001), and cases cited therein.

Therefore, § 2254(d) demands an initial inquiry into whether a prisoner's "claim" has been "adjudicated on the merits" in state court. If it has, AEDPA's highly deferential standards apply. *See Davis*, 135 S. Ct. at 2198 (citing *Richter*, 562 U.S. at 103).

A decision is "contrary to" clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362 (2000)). "The 'contrary to' requirement refers to holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state court decision." *Id.* at 740. Under the "unreasonable application" clause, a federal habeas court may grant the writ only if the state court "identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies the principle to the facts of the prisoner's case." *Id.* at 741.

**C.**    **Brown's sufficiency of the evidence claims do not warrant habeas relief.**

A defendant's constitutional right to due process is violated when he is convicted of a crime without the state having met its burden of proof on every element of the offense. *Jackson v. Virginia*, 443 U.S. 307, 314-15 (1979) (citing *In re Winship*, 397 U.S. 358 (1970)). Such claims are decided by determining whether, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Donahue v. Cain*, 231 F.3d 1000, 1004 (5th Cir. 2000) (internal quotations omitted). Thus, even though state law may require the exclusion of all reasonable hypotheses of innocence, a court on habeas review "may find the evidence sufficient to support a conviction even though the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence." *Gibson v. Collins*, 947 F.2d 780, 783 (5th Cir. 1991).

Under *Jackson*, both direct and circumstantial evidence can contribute to the sufficiency of evidence and circumstantial evidence alone may be enough to support the conviction. *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir. 1990). The habeas court must defer to the trial court's findings on issues of conflicting testimony and the weight of the evidence, resolving all conflicting inferences and credibility choices in favor of the verdict, and may not substitute its judgment for that of the factfinder's. *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005); *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985). Thus, under the standards of *Jackson* and § 2254, this

court's review on sufficiency of evidence claims is "twice-deferential." *Parker v. Matthews*, 567 U.S. 37, 43 (2012).

Brown challenged the sufficiency of the evidence on direct appeal, claiming the evidence was insufficient to sustain his conviction based upon the physical descriptions of the suspect, and that another person was initially suspected of being the perpetrator. ECF No. 11-5 at 262-64.

In his habeas Petition, Brown asserts three separate claims of "inconsistent statements," "misidentification," and "insufficient evidence," entailing overlapping arguments. ECF No. 5 at 5-10. These claims were considered by the state court when assessing the sufficiency of the evidence. ECF No. 11-6 at 104-135.

### 1.    Brown's claim of insufficient evidence due to inconsistent statements is not cognizable for habeas review.

Brown claims there were many conflicting descriptions of the victim's attacker. ECF No. 5-1 at 2. Brown argues the victim "stated on record on several occasions that his memory isn't good, that he can't see things level and that he isn't sure of his attacker's height weight or skin tone." *Id.*

For a claim of relief presented under § 2254 to be cognizable for review, the petitioner must assert a violation of federal law. *See Wilson v. Corcoran*, 562 U.S. 1, 1 (2010) ("Federal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law."); *see also Estelle v. McGuire*, 502 U.S. 62, 69 (1991). The inconsistent statements of witnesses are matters of credibility and weight of the evidence that have no constitutional dimension. *See, e.g., Purdie*

*v. Graham*, 2010 WL 3912732, at *6 (S.D.N.Y. Sept. 16, 2010); *see also Williams v. Lashbrook*, 2017 WL 3475161, at *1 (N.D. Ill. Aug. 7, 2017).

On habeas review, this court must assume that the trier of fact resolved any evidentiary conflicts in favor of the prosecution and must defer to such resolution. *Id.* at 326. Therefore, a federal habeas court generally will not grant relief on a sufficiency claim grounded on issues of credibility. *Schlup v. Delo*, 513 U.S. 298, 330 (1995) ("[U]nder *Jackson*, the assessment of the credibility of witnesses is generally beyond the scope of review.").

Here, Brown cites no legal authority supporting his claim.  To the extent Brown challenges the inconsistencies of the testimony submitted at trial, having cited no violation of federal law, such claim is not cognizable for habeas review. *See Wilson*, 562 U.S. at 1; *see also Edwards v. Wainright*, 461 F.2d 238 (5th Cir. 1972) ("Where [the] petitioner's claim with respect to sufficiency of evidence in state prosecution did not rise to the level of constitutional deprivation, no hearing by district court was required in habeas corpus proceeding.").

### 2.    Brown's claim of insufficient evidence due to misidentification is without merit.

Brown claims that the victim "described his attacker as 6 ft. or better, skinny, and dark skinned."  ECF No. 5-1 at 3. He asserts he is "neither." *Id.*   Brown again claims the three witnesses' descriptions of the assailant are inconsistent, and that another individual, James "Catfish" Minor, met the description. ECF Nos. 5 at 5-7, 10, 5-1 at 3-4. Thus, he claims the State did not negate the reasonable probability of misidentification. ECF Nos. 5 at 7, 5-1 at 3.

Brown separately asserts a claim that there is insufficient evidence to support his conviction for second-degree robbery.  ECF No. 5 at 10. However, he essentially argues that he was misidentified as the victim given the three different accounts about a black male coming into the victim's shop and that only James Minor was named as a suspect. *Id.*

Here, Brown fails to state any constitutional provision that was unreasonably applied by the state appellate court.  *Dowthitt*, 230 F.3d at 741.  However, as the United States Fifth Circuit Court of Appeals expressly held in rejecting another prisoner's similar argument:

> Citing to Louisiana law, [petitioner] asserts that, in addition to the *Jackson v. Virginia* standard, the State was required to negate any reasonable probability of misidentification. Although Louisiana law has such a requirement when an offender's identity is at issue, *see State v. Barthelemy*, 32 So.3d 999, 1015 (La. Ct. App., 2010), "in challenges to state convictions under [§ 2254], only *Jackson . . .* need be satisfied, even if state law would impose a more demanding standard of proof." *West v. Johnson*, 92 F.3d 1385, 1394 (5th Cir. 1996) (internal quotation marks and citation omitted).

*Williams v. Cain*, 578 Fed. App'x 462, 463-64 (5th Cir. 2014).

A state court decision rejecting a sufficiency challenge is reviewed under a doubly-deferential standard. It may not be overturned on federal habeas unless the decision was an objectively unreasonable application of the deferential *Jackson* standard. *Parker*, 567 U.S. at 43; *Harrell v. Cain*, 595 Fed. Appx. 439 (5th Cir. 2015). When assessing the sufficiency of the evidence, "it is the responsibility of the jury – not the court – to decide what conclusions should be drawn from evidence admitted at trial." *Cavazos v. Smith*, 132 S.Ct. 2, 4 (2011).

To prove a defendant was guilty of second-degree robbery under La. R.S. 14:64.4, the State must have proven beyond a reasonable doubt: (1) the taking of; (2) anything of value; (3) belonging to another from the person of another or that is in the immediate control of another; (4) when the offender intentionally inflicts serious bodily injury. *State v. Brown*, 223 So.3d 88, 95 (La. App. 2 Cir. 5/2/17).

Here, the Second Circuit evaluated Brown's claim under the *Jackson* standard. ECF No. 11-6 at 108. It conducted a detailed review of the testimony and evidence and confirmed Brown's conviction and sentence. ECF No. 11-6 at 104-35. The Second Circuit noted that where a defendant claims he was not the person who committed the crime, *Jackson* requires the state to negate any reasonable probability of misidentification to carry its burden of proof. *Id.* at 109 (citing *State v. Brady*, 414 So. 2d 364 (La. 1982); *State v. Brock*, 37,487 (La. App. 2 Cir. 9/26/03), 855 So.2d 939, *writ den'd*, 04-1036 (La. 4/1/05), 897 So.2d 590; *Williams*, *supra*).

Several factors help courts determine the likelihood of misidentification, including: (1) the opportunity of the witness to view the criminal at the crime scene; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation. *Coleman v. Quarterman*, 456 F.3d 537 (5th Cir. 2006) (citing *Neil v. Biggers*, 409 U.S. 188 (1972)).

In evaluating Brown's claims of misidentification, the Second Circuit stated:

The record supports the conclusion that the state negated any reasonable probability of misidentification. Perkins positively and

10

unequivocally identified Brown in court as the perpetrator. This identification was independently based upon Perkins' opportunity to view Brown face-to-face before and during the offense in the body shop and a few days before the incident when he gave Brown money. Further, Perkins identified Brown in the lineup shown to him immediately after the crime, and clearly did not identify Catfish as the perpetrator. Thus, Perkins' testimony alone is sufficient to support Brown's conviction. *Brock, supra.* Furthermore, Perkins' identification of Brown was corroborated by Johnson and Mendez who observed Brown prior to the incident and identified him as the perpetrator in the lineup shown to them immediately after the crime. Johnson had the opportunity to speak with Brown. The two employees consistently noted that the assailant had a funny mouth and neither identified Catfish as the assailant. Resolution of minor inconsistencies in the witness' descriptions of the assailant depends on the credibility of the witness and the weight of the evidence, not the sufficiency. The resolution of these matters remains within the province of the jury and will not be disturbed on appeal. *Id.* The strength of the witnesses' identification of Brown as the assailant is sufficient to exclude Catfish as a suspect in these crimes. Accordingly, we conclude that the evidence was sufficient to support the conviction. This assignment is therefore without merit.

ECF No. 11-6 at 124-125 (citations omitted); *Brown*, 223 So.3d at 102-03 (holding the State negated any reasonable possibility of misidentification required to support the robbery conviction).

Brown argues that the descriptions concerning the height, weight, and complexion of the attacker are inconsistent. In reviewing the trial transcript, Perkin identified Brown as his attacker. ECF No. 11-5 at 36-37, 40-41, 48-49, 54, 63-65. Perkins testified Brown broke his right jaw in three different places, broke his cheekbone, broke his eye socket, and hit him over the back of the head with what he perceived to be a gun. *Id.* at 37, 159-163. He testified he had a clear view of the defendant. *Id.* Perkins testified Brown took his wallet and all the money he had in his pocket amounting to over $9,000. *Id.* at 38-39. Perkin's testimony was

corroborated by witnesses Johnson and Mendez. *Id.* at 68-71, 137.  None of them identified "Catfish" in the first lineup.  *Id.* at 43, 56, 76-78, 137. And all three identified Brown in the second lineup. *Id.* at 43, 76-78, 131-137.  Brown did not call any witnesses. *Id.* at 164.

A reviewing court confronted with a claim of insufficient evidence must, after viewing all the evidence in the light most favorable to the conviction (prosecution), determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Cupit v. Whitley*, 28 F.2d 532, 542 (5th Cir. 1994), *cert. den.*, 513 U.S. 1163 (1995) (citing *Jackson*, 443 U.S. 307)).  Habeas courts look to the elements of the offense as defined by state law. *See Donahue*, 231 at 1004.  Review of the sufficiency of the evidence, however, does not include review of the weight of the evidence or the credibility of the witnesses, because those determinations are the exclusive province of the jury. *United States v. Young*, 107 F. App'x 442, 443 (5th Cir. 2004) (citing *United States v. Garcia*, 995 F.2d 556, 561 (5th Cir. 1993)); *see Jackson*, 443 U.S. at 319 (noting that it is the jury's responsibility "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts").

All credibility choices and conflicting inferences must be resolved in favor of the verdict. *Dretke*, 398 F.3d at 695.  And a federal habeas court is not authorized to substitute its interpretation of the evidence or its view of the credibility of the witnesses in place of the fact-finder.  *Weeks v. Scott*, 55 F.3d 1059, 1062 (5th Cir. 1995); *see Schlup*, 513 U.S. at 330 (holding that the credibility of witnesses is beyond

the scope of review of the sufficiency of the evidence). "The *Jackson* inquiry 'does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit.'" *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (quoting *Herrera v. Collins,* 506 U.S. 390, 402 (1993).

Under both federal and Louisiana law, when the key issue is the defendant's identity as the perpetrator, rather than whether the crime was committed, the testimony of an eyewitness is generally sufficient to support a conviction. *See United States v. King*, 703 F.2d 119, 125 (5th Cir. 1983) ("[T]he testimony of a single, uncorroborated eyewitness is generally sufficient to support a conviction.") (citing *United States v. Danzey*, 594 F.2d 905, 916 (2d Cir. 1979), *cert. denied*, 441 U.S. 951 (1979))); *State v. Neal*, 796 So.2d 649, 658 (La. 2001); *State v. Williams*, 3 So.3d 526, 529 (La. App. 5th Cir. 2008). Under *Jackson*, the evidence may be found sufficient to support a conviction "even though the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence." *Gilley v. Collins*, 968 F.2d 465, 468 (5th Cir. 1992).

Brown has not shown that the court's decision was "contrary to or involved an unreasonable application of" *Jackson*, or that the decision "resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Brown is thus not entitled to habeas relief on this basis.

**D.**   <u>Brown's claim of "suggestive identification" is without merit.</u>

Brown claims Detective Morrison was dispatched to the scene to investigate the robbery.   ECF No. 5 at 8.   Brown asserts Detective Morrison went to adjacent businesses, including the Palomar Motel, where the owner provided Brown's identification card.   *Id.* Brown asserts Detective Morrison used Brown's identification card to introduce him as a suspect to the victim.   ECF No. 5-1 at 4-5.   Brown alleges his counsel failed to challenge the illegality of the identification and failed to adopt his pro se motion to suppress.   *Id.*   Brown fails to allege a federal constitutional basis for his habeas claim.   But on appeal, he alleged the identification process was suggestive under *Manson v. Brathwaite*, 432 U.S. 98 (1977).

A two-step process governs the admissibility of identification evidence:   First, a court must determine whether the pretrial identification was impermissibly suggestive.   If it was, then second, a court must determine whether, under the totality of the circumstances, the suggestiveness leads to a substantial likelihood of irreparable misidentification. *Coleman*, 456 F.3d at 537. Unless the circumstances show "a very substantial likelihood of irreparable misidentification" then the identification is admissible, and its weight is for the jury to decide.   *Manson*, 432 U.S. at 116. Thus, even if the identification procedure was impermissibly suggestive, the identification may nevertheless be sufficiently reliable under the totality of the circumstances, and therefore admissible. *See Biggers*, 409 U.S. at 198 (holding that suggestiveness alone is not enough to exclude an identification).

Here, the appellate court reviewed Brown's claim under the *Manson* factors. ECF No. 11-6 at 130-31; *Brown*, 233 So.3d at 26-28. After thoroughly reviewing the trial testimony, the appellate court held Brown's argument was without merit. ECF No. 11-6 at 131; *Brown*, 233 So.3d at 26-28. The appellate court determined that the record revealed that the lineups shown to the witnesses were not suggestive in nature and that the testimony of the witnesses and Detective Morrison established that proper procedure was followed in preparing and viewing the lineups. *Id.* The witnesses were shown the lineups individually, and there was no evidence that the officers made any suggestions as to which suspect should be chosen. *Id.* The appellate court further found that the photographs chosen were similar in appearance and that Brown was not distinguished by any substantially different physical characteristic. ECF No. 11-6 at 131-32; *Brown*, 233 So.3d at 27-28. Despite Brown's argument, there was no testimony establishing Detective Morrison ever showed Brown's identification card to the witnesses. ECF No. 11-6 at 132; *Brown*, 233 So.3d at 28. The court determined that the evidence was sufficient to support Brown's conviction, that the state negated any reasonable probability of misidentification, and they rejected his claim that the lineup was suggestive. ECF No. 11-6 at 135; *Brown*, 233 So.3d at 28.

Brown also claims that the prosecutor brought the victim to court solely for the purpose of identifying the defendant, and specifically pointed out the defendant to the victim. ECF No. 5-1 at 3. The appellate court found that the state conceded that Perkins made the identification at an earlier trial setting. ECF No. 11-6 at 132; *Brown*, 233 So.3d at 28. However, the court further held that any error in the

15

verification procedure would be harmless, observing that Brown had previously been identified by three witnesses, including the victim. *Id.*

Brown fails to show that the Second Circuit unreasonably applied clearly established federal law or rendered a decision that was based on an unreasonable determination of the facts considering the evidence presented. Brown's claim of suggestive identification is without merit.

### E.    Brown's claims of ineffective assistance of counsel and actual innocence are unexhausted and procedurally defaulted.

Before seeking federal habeas corpus relief, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); 28 U.S.C. § 2254(b)(1). To provide the State with this necessary "opportunity," the prisoner must "fairly present" his claim to the appropriate state court in a manner that alerts that court to the federal nature of the claim. *Baldwin*, 541 U.S. at 29-32 (rejecting the argument that a petitioner "fairly presents" a federal claim, despite failing to give any indication in his appellate brief of the federal nature of the claim through reference to any federal source of law, when the state appellate court could have discerned the federal nature of the claim through review of the lower state court opinion); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (claim for federal relief must include reference to a specific constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief).

Procedural default exists where: (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule and that procedural rule provides an independent and adequate ground for the dismissal ("traditional" procedural default); or (2) the petitioner fails to properly exhaust all available state court remedies, and the state court which he would be required to petition would now find the claims procedurally barred ("technical" procedural default). In either instance, the petitioner is considered to have forfeited his federal habeas claims. *Bledsue v. Johnson*, 188 F.3d 250, 254–5 (5th Cir. 1999). The grounds for traditional procedural default must be based on the actions of the last state court rendering a judgment. *Harris v. Reed*, 489 U.S. 255, 262 (1989).

A habeas petition is not subject to dismissal as a "mixed petition" where it includes both exhausted and unexhausted claims, but the unexhausted claim is procedurally defaulted, leaving nothing to the petitioner to exhaust in state court. *Bagneris v. Cain*, 254 Fed.Appx. 351, 352 (5th Cir. 2007).

1.  <u>**Brown's claim of ineffective assistance of counsel is unexhausted and procedurally defaulted.**</u>

Brown does not state a claim for ineffective assistance of counsel on his habeas form. ECF No. 5.[3] However, in his attached memorandum, he asserts that after learning of the detective's erroneous behavior in introducing him as a suspect, his attorney failed to challenge its illegality and failed to adopt and argue Brown's *pro se*

---

[3] He did however state a claim of ineffective assistance of counsel his deficient original habeas petition and form. ECF No. 1. There, he asserted his trial counsel failed to make obvious objections, filed no pretrial motions on his behalf, failed to adopt and argue Brown's *pro se* motion to suppress, refused to argue Brown's *pro se* post-verdict judgment of acquittal, and failed to investigate Brown's claims of innocence. ECF No. 1 at 4.

motion to suppress.  ECF No. 5-1 at 4-5.  Brown asserts his attorney's actions failed to preserve his argument for appeal. *Id.* at 5. Brown further argues his attorney failed to make obvious objections, refused to argue Brown's *pro se* motions, including his motion for post-verdict judgment of acquittal, and failed to investigate. ECF No. 5-1.

After his appeal was filed, Brown filed a supplemental *pro se* brief raising two claims of ineffective assistance of counsel based on trial counsel refusing to argue his *pro se* motion to suppress evidence of identification and his *pro se* motion for post-verdict judgment of acquittal. ECF No. 11-6 at 42-45.  He did not assert claims of ineffective assistance of counsel for failure to investigate. *Id.*

Brown's writ application to the Louisiana Supreme Court did not raise ineffective assistance of counsel. ECF No. 11-7 at 46-52.  He stated in his brief on his claim of insufficient evidence that "had [his motion to suppress] been properly presented and argued before the outcome would have been different." *Id.* at 50. However, no claim for ineffective assistance of counsel was raised. And a petitioner does not "fairly present" a claim to a state court if that court must read either a brief before a lower court or a lower court's opinion to locate the claim. *Baldwin*, 541 U.S. at 32.  The writ denial did not include any discussion of Brown's ineffective assistance of counsel claim either. ECF No. 11-7 at 185.  Because Brown did not fairly present his claim in every appropriate state court, Brown's claim is not exhausted.  28 U.S.C. § 2254(b)(1)(a).

Brown's application for post-conviction relief claimed ineffective assistance of counsel for failure to file pretrial motions, including a motion to suppress

18

identification, and make any objections. ECF Nos. 1-3 at 101, 11-7 at 186, 192. The trial court denied relief, noting that Brown had raised the same claims on direct review. ECF No. 1-3 at 110-11, 11-7 at 232-33. The trial court also denied relief on procedural grounds under La. C. Cr. P. art. 930.4. ECF No. 11-7 at 233. Brown did not seek review of the denial of post-conviction relief. Thus, Brown also failed to exhaust his ineffective assistance of counsel claim through post-conviction relief.

An unexhausted claim may be considered "technically exhausted" when a petitioner can no longer litigate the claim in state court. 28 U.S.C. §2254(c). That is, when a petitioner has failed to exhaust state remedies, and the state court to which he would be required to present his claim to satisfy the exhaustion requirement would now find the claim procedurally barred, the petitioner's claim is in procedural default for purposes of federal habeas review. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

Brown's ineffective assistance of counsel claim is now procedurally defaulted because any attempt to now raise the federal claim in the state court would be considered untimely and repetitive under Louisiana procedural rules. *See* La. C. Cr. P. arts. 930.8, 930.4. Because Louisiana law would preclude review of Brown's claim, there is an adequate state procedural ground to prevent federal review. *See Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995).

An exception to the procedural default rule allows "[a] prisoner to obtain federal review of a defaulted claim by showing cause for the default and prejudice

19

from a violation of federal law." *Renteria v. Davis*, 814 Fed.Appx. 827, 830 (5th Cir.2020), *cert. denied sub nom. Renteria v. Lumpkin*, 141 S.Ct. 1412; 209 L.Ed.2d 142 (2021) (citing *Martinez v. Ryan*, 566 U.S. 1, 10 (2012)). Or a prisoner may demonstrate that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997).

To establish cause, the petitioner must show that some external, objective factor impeded his efforts to raise the claim in a procedurally proper manner. "Examples of external impediments include active governmental interference or the reasonable unavailability of the factual or legal basis for the claim." *Hughes v. Quarterman*, 530 F.3d 336, 341 (5th Cir. 2008) (citing *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997)) (internal quotations omitted).

Pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984), to succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate: (1) that his counsel's performance was deficient, requiring a showing that the errors were so serious such that he failed to function as "counsel" as guaranteed by the Sixth Amendment; and (2) that the deficiency so prejudiced the defendant that it deprived him of a fair trial. *Id.* at 687.    The first prong does not require perfect assistance by counsel; rather, a petitioner must demonstrate that counsel's representation fell beneath an objective standard of reasonableness. *Id.* at 688.

Courts must use deference in their review of attorney performance under *Strickland* to "eliminate the potential distorting effect of hindsight." *Rector v.*

*Johnson*, 120 F.3d 551, 563 (5th Cir. 1997) (citing *Strickland*, 466 U.S. at 689). Accordingly, courts should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

*Strickland's* second prong requires the petitioner to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In other words, the petitioner must show prejudice great enough to create a substantial—rather than conceivable—likelihood of a different result. *See Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011). "Both of [*Strickland's*] prongs must be proven, and the failure to prove one of them will defeat the claim, making it unnecessary to examine the other prong." *Williams v. Stephens*, 761 F.3d 561, 566–67 (5th Cir. 2014).

Applying *Strickland*, the Second Circuit denied Brown's two ineffective assistance of counsel claims, holding that failure to file or argue a motion does not constitute ineffective assistance of counsel. ECF No. 11-6 at 134-135. The Second Circuit noted that decisions whether and which motions to file is part of trial strategy. *Id.* at 134. And they determined that because the evidence was sufficient to support his conviction, because the state negated any reasonable probability of misidentification, and because they rejected that the lineup was suggestive, Brown was unable to establish actual prejudice or that his counsel's failure to argue his motions would have changed the outcome of the case. *Id.* at 135.

21

As was discussed herein, the record supports that the state negated any reasonable probability of misidentification and Brown was identified in court as the perpetrator by the victim and two corroborating witnesses. Brown's assertion that his counsel was ineffective for failing to suppress his identification used in the second line-up is without merit. And he offers no argument supporting his claim that ineffective assistance contributed to the default.

Under § 2254, counsel's performance cannot be considered deficient or prejudicial if he fails to raise a non-meritorious argument or fails to assert a frivolous objection. *See Turner v. Quarterman*, 481 F.3d 292, 298 (5th Cir. 2007) (citing *Green v. Johnson*, 160 F.3d 1029, 1037 (1998)); *Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997). Thus, Brown cannot show that the state court's denial of his claim was contrary to or an unreasonable application of *Strickland*. Brown fails to show that his failure to meet the state's procedural requirements actually prejudiced the outcome of the case or that there is a reasonable probability that the outcome would have been different had he raised them on direct appeal. The procedural bar is not overcome and his claim is not reviewable on habeas.

## 2. Brown's claim of actual innocence is unexhausted and is now procedurally defaulted.

After retaining counsel, Brown supplemented his habeas petition with a claim of actual innocence due to an alleged alibi. Respondent asserts Brown's Amended Petition is untimely and does not relate back to his original timely Petition. ECF No. 19. Alternatively, Respondent argues Brown's claim of actual innocence is unexhausted and procedurally defaulted. *Id.* at 2.

a.   <u>Brown's Amended Petition (ECF No. 17) does not relate back and is time-barred.</u>

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. *Id.* The time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. *Id.* at § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

Here, the Louisiana Supreme Court denied writs in Brown's direct appeal on May 11, 2018. ECF No. 11-7 at 185; *Brown*, 241 So.3d 1013.   Because Brown did not seek further review, Brown's conviction became final on August 9, 2018.

Brown's application for post-conviction relief was filed on June 15, 2018, after the Louisiana Supreme Court's writ denial, but before the period of limitations began to run.  ECF No. 11-7 at 186.  This commenced the tolling of the limitations period. On July 19, 2018, the trial court denied post-conviction relief.  *Id.* at 232.  On August 1, Brown filed a "Notice of Intent to Appeal and Designation and Preparation of the Record," which the trial court treated as a notice to seek writs from the denial of post-conviction relief.  *Id.* at 234.  Brown was given until August 31, 2018 to seek writs. *Id.* at 236.

Before the return date, Counsel enrolled on Brown's behalf and was granted 30 days from the date of mailing of the clerk's notice of the order filed October 8, 2018.

*Id.* at 239.  Brown's return date extension expired on November 7, 2018, and no writ was filed within that date.  Thus, the latest the limitations period could begin to run was on November 7, 2018.[4]

Brown's Amended Petition (ECF No. 17) was filed on December 2, 2020. ECF No. 17.  Because it was filed outside the one-year period of limitations, Brown's Amended Petition is untimely unless it relates back to the original Petition (ECF Nos. 1, 5).

An amended pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B).  This rule applies in habeas proceedings, as long as the amended petition does not assert "a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *United States v. Gonzalez*, 592 F.3d 675, 679 (5th Cir. 2009) (quoting *Mayle v. Felix*, 545 U.S. 644, 651 (2005)).  It is not enough that the proposed amendment merely relates to the same, trial, conviction, or sentence. *Mayle*, 545 U.S at 656-64; *see also Figueredo-Quintero v. McCain*, 766 Fed.Appx. 93, 67 (5th Cir. 2019).

In his original Petition (ECF Nos. 1, 5), Brown claimed inconsistent statements, misidentification, insufficient evidence, suggestive identification, and ineffective assistance of counsel.  In his Amended Petition (ECF No. 17), Brown claims he provided to trial counsel his motel receipts showing he was at the Budget

---

[4] In tolling Brown's limitations period, the Court gives the benefit of the latter date of him not seeking review and the return date on his notice of intent to seek review.

Inn in Marshall, Texas on August 17, 2013 at 5:45 p.m. and at America's Best Value Inn on that same date at 5:54 p.m.  ECF No. 17 at 1-2.  Thus, he claims his actual innocence based on his alleged alibi on the date of the robbery.  He claims his trial counsel failed to establish his alibi defense.

Habeas counsel for Brown argues his actual innocence claim is consistent with and relates back to Brown's claims of suggestive identification and ineffective counsel for failure to investigate his alibi.  ECF No. 17 at 2.   However, Brown's claim of "actual innocence due to alibi" sets forth a new ground for relief.  *See Mayle*, 545 U.S. at 679.  Brown's timely claims for suggestive identification and ineffective counsel were based upon his claim of misidentification due to inconsistent statements and use of his identification card in introducing him as a suspect.  And his ineffective assistance of counsel claim was based on claims his trial counsel failed to file objections or argue his motion to suppress or post-judgment verdict of acquittal in connection with his misidentification claims.  ECF No. 5-1.

"New claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision."  *Gonzales*, 592 F.3d at 680.  Because Brown's Amended Petition consists of "a new ground for relief supported by facts that differ in both time and type" from the original pleadings, his amended claim does not relate back. Thus, Brown's claim of actual innocence due to alibi is time-barred.

    **b.**    <u>Brown's claim of actual innocence is exhausted and procedurally defaulted.</u>

Brown's direct appeal through counsel makes no mention of a claim of actual innocence due to an alibi.  ECF No. 11-5 at 251-267.  Brown's *pro se* appeal brief mentions in his statement of facts and summary of argument that his attorney "failed to present an alibi defense; when he can prove without a doubt that he was in the State of Texas, checking into a Hotel room at, or around the same time that this crime was taking place[.]" ECF No. 11-6 at 30, 33.  However, Brown did not argue this as a claim for relief.  He also did not include this as a claim in his writ application to the Louisiana Supreme Court. ECF No. 11-7 at 44-52.

While pending relief in his direct appeal, Brown filed a motion for a new trial on May 3, 2017, asserting that newly discovered evidence warranted a new trial under La. Code Crim. P. art. 851(B)(3).  ECF No. 11-6 at 150.  Brown claimed newly discovered alibi evidence showed he was in Marshall, Texas, checking into the Budget Inn Motel at the time of the robbery and then checking into America's Best Value Inn shortly thereafter.  *Id.*  He attached two receipts from the hotels and contended the hotel owners were willing to be subpoenaed to testify.  *Id.*  The trial court denied a new trial, holding that the "alibi evidence" was not "newly discovered."  *Id.*

Nevertheless, the trial court went on to address that the Second Circuit addressed the issues on appeal and determined that "the evidence was sufficient to support [Petitioner's] conviction and that the state negated any reasonable probability of misidentification." *Id.* at 152.  The trial court found that "while the purported alibi evidence may be material to the issues at trial, based on the Second

Circuit's determination of those issues, said evidence is not of such a nature that it would probably result in an acquittal in the event of retrial." *Id.* Brown did not seek further review.

On post-conviction review, Brown filed claims of unconstitutional arrest, suggestive identification, insufficient evidence, and ineffective assistance of counsel. ECF No. 11-7 at 190-192. Brown's claims did not reference actual innocence due to alibi. The trial court denied on procedural grounds under La. C. Cr. P. art. 930.4. ECF No. 11-7 at 233. Brown did not seek review. Thus, Brown also failed to exhaust his claim through post-conviction relief.

Brown's claim may be considered "technically exhausted" as he can no longer litigate the claim in state court. 28 U.S.C. §2254(c). Brown's actual innocence claim due to alibi is now procedurally defaulted because any attempt to now raise the federal claim in the state court would be considered untimely and repetitive under Louisiana procedural rules. *See* La. C. Cr. P. arts. 930.8, 930.4; *see also Coleman*, 501 U.S. at 735 n.1. Because Louisiana law would preclude review of Brown's claim, there is an adequate state procedural ground to prevent federal review. *See Finley*, 243 F.3d at 220; *Fearance*, 56 F.3d at 642.

      c.    <u>Brown fails to establish his factual innocence through "new evidence" to overcome the procedural bar.</u>

A claim of innocence may allow a habeas petitioner to have his otherwise time-barred constitutional claim adjudicated on the merits. *Herrera*, 506 U.S. at 404; *see also McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013). A court should permit a

petitioner to argue the merits of a claim if the evidence causes the court to have a lack confidence in the outcome of the trial. *Schlup*, 513 U.S. at 316.

To establish a credible claim of actual innocence, a petitioner must provide support not previously presented at trial for his allegations through either eyewitness testimony, scientific evidence, or physical evidence. *Id.* at 324. The new evidence must "persuade[ ] the district court that, in light of the new evidence, no juror, acting reasonably would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329. Critically, a petitioner must establish his factual innocence and not simply that the evidence was legally insufficient. *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). Factual innocence means establishing the petitioner did not in fact commit the crime. *See id.*, at 340 ("A prototypical example of 'actual innocence' in a colloquial sense is the case where the State has convicted the wrong person of the crime."). The petitioner must establish any new evidence would more likely than not cause a juror to have a reasonable doubt about his guilt. *Id.*, at 346; *Schlup*, 513 U.S. at 327. The evidence of innocence must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Perkins*, 569 U.S. at 401.

A finding of fundamental miscarriage of justice depends on a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 434 (1986); *Murray v. Carrier*, 477 U.S. 478, 496; *Glover*, 128 F.3d 900, 902 (5th Cir. 1997). To satisfy the factual innocence standard, a petitioner must "support his allegations with new, reliable evidence that was not presented at trial and must show that it was 'more

28

likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Schlup*, 513 U.S. at 327). Examples of new, reliable evidence that may establish factual innocence include exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence. *See id.*

Brown fails to meet this standard because the evidence submitted is not "new evidence" indicating his innocence. "Evidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'" *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) (quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2018)). Brown does not show that, as a factual matter, he did not commit the crime. Thus, his actual innocence claim should be denied and dismissed.

## III.    Conclusion

Because Brown fails to establish he is entitled to habeas relief;

IT IS RECOMMENDED that Brown's § 2254 Petition (ECF Nos. 1, 5) and Amended Petition (ECF No. 17) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 31st ____ day of January 2022.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE